IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ACHILLE MALIK SHABAZZ TYSON,

    Petitioner,
v.                                                                 CASE NO. 5:05-cv-00212-RS-AK

JOSE BARRON,[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus pursuant to § 2241, filed by Achille Malik Shabazz Tyson. Petitioner has paid the filing fee. Respondent was directed to file a response to the petition, and it has filed a motion to dismiss based on lack of subject matter jurisdiction. Doc. 16. Petitioner has not filed a reply, and thus, this matter is in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be dismissed without prejudice.

In his petition, Petitioner challenges his classification by the Bureau of Prison as a violent offender. Doc. 1. According to Petitioner, this classification prevents him from being transferred to a federal prison camp, from participating in a residential drug treatment program,

---

[1] Petitioner named the Bureau of Prisons as the respondent in this action. As the Government notes, the proper respondent is Petitioner's custodian, Jose Barron, the warden of FCI Marianna, Florida.

and from receiving certain good time credits. *Id*. At the time Petitioner filed this action, he had not exhausted his administrative remedies because exhaustion is not jurisdictional and because it would be futile. *Id*.

**DISCUSSION**

A prisoner seeking § 2241 habeas relief must exhaust administrative remedies before filing suit in this Court. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 124 S.Ct. 2112, 158 L.Ed. 2d 722 (2004). Where the available administrative remedies are unavailable or wholly inappropriate to the relief sought or where an attempt at exhaustion would be patently futile, exhaustion may be excused. *Fuller v. Rich*, 11 F.3d 61 (5th Cir. 1994). However, "exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" *id*. (citation omitted), and the petitioner bears the burden of demonstrating the futility of administrative review. *Id*.

It cannot be disputed that the Bureau of Prisons provides inmates with administrative avenues to allow them "to seek formal review of an issue relating to any aspect of [their] confinement," 28 C.F.R. § 542.10(a), and that there are deadlines incorporated into the administrative remedies program which prevent the BOP from unreasonably delaying consideration of a request for review and any appeal therefrom. *See, e.g.*, § 542.18 (setting forth BOP response times at various levels of review).

Even though Petitioner claimed exhaustion would be futile, he did continue with his administrative appeals, *see* Doc. 16, Ex. 2, and on February 17, 2006, his appeal of the Regional Director's denial of relief was granted by the National Inmate Appeals Office:

> This is in response to your Central Office Administrative Remedy Appeal in

> which you contend staff inappropriately applied a Case Management Activity (CMA) for offense violence under the Violent Crime Control and Law Enforcement Act....You request the assignment to be removed, and staff make the required release notification based only on your current drug trafficking offense conviction.
> We find merit to the issues raised in your appeal.  Accordingly, your appeal is being returned to the institution for appropriate action.  Your appeal is granted.

*Id*. at Ex. 6.

In this Court's view, the exhaustion process is obviously working, and Respondent should be given an opportunity to effectuate the remand directions from the National Inmate Appeals Office before this Court becomes involved further.  If the remand is not to Petitioner's satisfaction, he must, however, once again navigate the administrative remedies program before filing another § 2241 petition in this Court.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, Doc. 16, be **GRANTED**, and this cause be **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 4th day of May, 2006.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**